```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Ronald Jamison,

      Plaintiff,              Case No. 2:04-cv-535

   v.                           JUDGE GRAHAM

Hart Realty, et. al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Ronald Jamison ("plaintiff") filed this suit, *pro se*, against Hart Realty and the Cincinnati Metropolitan Housing Authority (individually "Hart" and "CMHA," collectively "defendants") alleging violations of the Fair Housing Act and Title VII of the Civil Rights Act.  Specifically, plaintiff claims that his eviction violated 24 C.F.R. 5.630 and was motivated by race and sex discrimination.  The case is before the court on defendants' motions for summary judgment and plaintiff's cross-motion for summary judgment.

### I.  Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the

1

moving party is entitled to a judgment as a matter of law."  See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curium).

The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case.  LaPointe, 8 F.3d at 378.  The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case.  Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

In response, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J. C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)).  The Court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  See also Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

In reviewing a summary judgment motion, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993)(quoting Anderson, 477 U.S. at 251-52).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989).

Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. See also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994).

Finally, a district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## II. Background

CMHA is a public housing authority that administers the

3

Section 8 housing program for Hamilton County.  The Section 8 program provides rental assistance to qualified individuals.  Receipt of Section 8 assistance is contingent on the tenant paying his or her portion of the rent and remaining a resident in an apartment or home that qualifies for Section 8 assistance.

Plaintiff received rental assistance under CMHA's Section 8 program and rented an apartment from Hart located at 1900 Race Street in Cincinnati, Ohio.  Plaintiff began renting from Hart in 1998, and, pursuant to Section 8 guidelines, was required to pay Hart twenty-eight dollars per month in rent.  The remaining portion of rent was paid by CMHA.  By 2002, plaintiff owed back rent in excess of $200.

On February 26, 2002, Hart brought an eviction action against plaintiff in Hamilton County Municipal Court, Case No 02-CV-5696.  CMHA was not a party in the eviction action.  In his answer, and at various other times during the eviction proceedings, plaintiff claimed the eviction was illegal because it was motivated by race and sex discrimination.  The municipal court, finding no evidence of discrimination, found for Hart and issued a writ of restitution.  On April 3, 2002, plaintiff was physically removed from the apartment.  The municipal court action concluded on June 19, 2002, with a judgment in favor of Hart and an award of $660 in damages.

Plaintiff in this case alleges that his eviction was motived

4

by race and sex discrimination. Plaintiff also alleges that it violated 24 C.F.R. 5.630, which states that once a family applies for a financial hardship exemption, that family may not be evicted for nonpayment of rent during the 90-day period beginning the month following the family's request for the hardship exemption. See 24 C.F.R. 5.630. Plaintiff alleges that he filed for a hardship exemption on March 11, 2002, and therefore qualifies under this exemption. Plaintiff seeks an order overturning his state court eviction, restoration of his Section 8 housing benefits, and compensatory and punitive damages.

Defendants Hart and CMHA filed for summary judgment, arguing that plaintiff's claims are precluded from further litigation by the doctrine of res judicata. Plaintiff never formally responded to defendants' motions, but filed a cross-motion for summary judgment that this court will interpret both as a response in opposition to defendants' motions and as a separate motion for summary judgment.

### III. Discussion

Defendants' motions for summary judgment shall be granted because, under the Rooker-Feldman Doctrine, this court does not have subject matter jurisdiction to hear this claim. The Rooker-Feldman Doctrine takes its name from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In Rooker, the Supreme Court held that lower federal courts lack jurisdiction to hear appeals from state court judgments because the Supreme Court alone has that power. Feldman expanded the Doctrine to apply not only to claims actually raised before the state court but also claims that are inextricably intertwined with state court determinations. See Feldman, 460 U.S. at 482 n.16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in federal court.").

A federal claim is inextricably intertwined with a state court judgment if "granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect." See Pieper v. Am. Arbitration Ass'n, Inc., 336 F. 3d 458, 460 (6th Cir.2003). See also Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987)("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.").

In assessing the applicability of the Doctrine in a particular case, courts are instructed:

> [T]he fundamental and appropriate questions to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the

6

>       injury alleged resulted from the state court
>       judgment itself, the doctrine dictates that the
>       federal courts lack subject matter jurisdiction
>       even if the state court judgment was erroneous or
>       unconstitutional."

See Long v. Shorebank Development Corporation, 182 F.3d 548, 558 (7th Cir. 1999)(citations omitted).

The Rooker-Feldman Doctrine denies this court subject matter jurisdiction over plaintiff's claims. Plaintiff seeks a reversal of his eviction, reinstatement of his housing privileges, and damages. Plaintiff was evicted and lost his housing privileges as a result of the state court eviction action. Therefore, any recovery by plaintiff would necessarily require a determination that the state court erred in evicting plaintiff. The addition of CMHA as a defendant does not change the fact that plaintiff's claims are inextricably intertwined with the state court ruling. Because this court does not have subject matter jurisdiction, defendants' motions for summary judgment must be granted.

Even if the Rooker-Feldman Doctrine did not apply, and this court had subject matter jurisdiction, res judicata would bar this court from re-litigating the issues presented in plaintiff's complaint. Res judicata directs that an existing final judgment rendered on the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Norwood v. McDonald, 142 Ohio St. 299 (1943).

7

A prior adjudication serves to settle all issues between the parties that could have been properly litigated in the case as well as those issues which were actually raised and decided. Rogers v. Whitehall, 25 Ohio St.3d 67 (1986). The Ohio Supreme Court has held that a suit alleging unconstitutional enforcement of state laws was barred by res judicata where the constitutional issues raised by the second suit could have been raised as defenses in the earlier state action. See City of Cincinnati ex rel. Crotty v. City of Cincinnati, 50 Ohio St.2d 27(1977). The doctrine of res judicata also bars re-litigation of final judgments rendered by a court of competent jurisdiction even if the judgment is erroneous. LaBarbera v. Batsch, 10 Ohio St.2d 106, 109 (1967).

Res judicata bars plaintiff from re-litigating the propriety of his eviction, as those issues were already resolved by the municipal court. In the eviction action, plaintiff filed an answer that asserted as a defense race and sex discrimination. Moreover, plaintiff's claim that the eviction violated 24 C.F.R. 5.630 should have been raised during the eviction action. Even assuming that plaintiff's assertion is true, that the eviction was erroneous, res judicata bars re-litigation in federal court. LaBarbera, 10 Ohio St.2d at 109.

CMHA was not a party to the eviction action; however, no factual dispute exists as to why plaintiff's Section 8 housing

8

benefits were terminated. CMHA has presented undisputed evidence that Section 8 benefits are conditioned upon payment of minimum rent and remaining a tenant in a apartment qualified for assistance. After the municipal court determined that plaintiff failed to pay rent and issued the eviction order, CMHA was obligated to terminate his Section 8 benefits.

### IV. Conclusion

For the foregoing reasons, defendants' motions for summary judgment are granted. The clerk shall enter final judgment in favor of defendants. Plaintiff's motion for summary judgment is denied.

It is so ORDERED.

<u>s/James L. Graham</u>
JAMES L. GRAHAM
United States District Judge

DATE: September 20, 2005